UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| BEVERLY STROUPE, | ) Civil No. 1:21-CV-00096 |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT |
| SANSTONE HEALTH & REHABILITATION d/b/a CAROLINA CARE HEALTH & REHABILITATION | ) |
| Defendant. | ) |

Plaintiff, Beverly Stroupe ("Stroupe" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against SanStone Health & Rehabilitation d/b/a Carolina Care Health & Rehabilitation ("SanStone" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Cherryville, North Carolina.

4. SanStone is a domestic corporation located at 229 Airport Road, Suite 7-104, Arden, North Carolina, 28704.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the

1

claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Arden, North Carolina, which is located in Buncombe County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Arden, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any personand in that the enterprise has had and has an annual gross volume of sales made or business doneof not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. SanStone is a skilled nursing facility that provides services such as rehabilitation, long-term care, physical therapy, occupational therapy, speech therapy, wound and skincare, and nutritional care.

13. Plaintiff began her employment with Carolina Care Center in or about October 1982 as a Ward Secretary. Plaintiff was promoted in 1984 to the position of Medical Records Clerk. Plaintiff held this role until January 1, 2017, when Defendant acquired Carolina Care Center and renamed it "Carolina Care Health & Rehabilitation." Defendant retained Plaintiff but promoted Plaintiff to the position of Admissions Clerk.

14. As an Admissions Clerk, Plaintiff is required to "obtain required information and admit residents in an efficient manner, in accordance with established policies and procedures, and as directed by your supervisor." For example, Plaintiff's typical tasks include reviewing referrals, admitting patients into Defendant's computer system, signing admissions agreements on behalf of Defendant, sending notices of admissions to department managers, obtaining prior authorization from insurance companies, and updating insurance information for patient's continued stay and transmitting the information to insurance companies.

15. At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

16. Defendant employed Plaintiff during the FLSA's statutory period preceding the filing of this Complaint.

17. In or about January 2017, Defendant began paying Plaintiff a weekly salary.

18. Plaintiff regularly worked in excess of her scheduled workhours during the three-year period prior to filing this lawsuit.

19. By way of example, Plaintiff worked 47.25 hours during the workweek of November 9, 2020, through November 13, 2020, and 49.50 hours during the workweek of November 16, 2020, through November 20, 2020. Plaintiff worked 7.25 unpaid overtime hours during the workweek of November 9, 2020, through November 13, 2020, and 9.50 unpaid overtime hours during the

3

workweek of November 9, 2020, through November 13, 2020. These examples are representative of the average number of unpaid overtime hours Plaintiff worked during the three-year period preceding the filing of this Complaint.

20. Plaintiff estimates she worked over 1,014 hours of unpaid overtime during the three-year period prior to filing this lawsuit.

21. Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

22. Defendant knew that Plaintiff worked the unpaid overtime hours because Defendant required Plaintiff to record the hours she worked and submit timesheets to Carolina Care Health & Rehabilitation's payroll department, which would then send the information to Defendant.

23. Defendant willfully failed to pay Plaintiff the overtime premium required by the FLSA.

## Plaintiff's First Cause of Action
### (Violation of FLSA—Overtime)

24. Plaintiff incorporates by reference paragraph 1-23 of her Complaint.

25. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

26. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

27. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

28. Defendant's violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid

overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of theFLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary andappropriate.

Respectfully submitted this 9th day of April, 2021.

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*
